IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO OSBORNE, #1608814, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-1159-L-BK |
| | § | |
| WILLIAM STEPEHENS, Director, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a *pro se* state prisoner, filed a *Petition for Writ of Habeas Corpus* under 28 U.S.C. § 2254 challenging his Rockwall County conviction. (Doc. 3). For the reasons that follow, it is recommended that this action be dismissed for want of prosecution.

## I. BACKGROUND

On March 20, 2013, the Court issued a deficiency order requiring Petitioner to re-submit his federal petition because he had failed to answer Questions 10 through 11 (regarding exhaustion of state court remedies) and his petition exceeded 40 pages and was, for the most part, difficult to decipher. (Doc. 5). The deadline for Petitioner to comply was extended at his request to May 16, 2013. (Doc. 7). When Petitioner still did not respond, the Court *sua sponte* enlarged the time to comply with the deficiency order to June 17, 2013, and again advised him that failure to comply would result in the dismissal of this case for want of prosecution. (Doc. 8). As of the date of this recommendation, however, Petitioner has not responded to the Court's deficiency order, nor has he sought an additional extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (where limitations prevents or arguably may prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*

Here, Petitioner has a clear record of purposeful delay. This case has been pending for nearly four months and despite two extensions, Petitioner has failed to comply with the Court's order to submit a proper habeas petition. Since Petitioner is proceeding *pro se*, the delay caused by his implied refusal to comply with Court's order is attributable to him alone. *See Berry*, 975 F.2d at 1191. Moreover, in light of his failure to submit a proper habeas petition, no lesser sanction will prompt diligent prosecution of this case. The Court cannot proceed with this case

absent a proper habeas petition. Accordingly, the District Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Petitioner's habeas action.[1] *See Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (district court did not abuse its discretion in dismissing habeas corpus petition with prejudice, given federal inmate's record of contumacious conduct); *Curtis v. Quarterman*, 340 Fed.Appx. 217, 218-219 (5th Cir. Jul. 31, 2009) (unpublished per curiam) (applying higher standard of review to habeas petition dismissed for want of prosecution).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** for want of prosecution.

SIGNED July 15, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The habeas corpus statute imposes a one-year statute of limitations for filing a habeas petition in federal court. *See* 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE